UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HILLIARD PHILLIPS                                                                                            PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:11-cv-743-CWR-FKB

INTERNAL REVENUE SERVICE, ET AL.                                                          DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court on the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Docket No. 2).

After a review of the sworn Financial Affidavit filed with the Court on December 5, 2011, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed in forma pauperis. Plaintiff's monthly income far exceeds his monthly expenses.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982); Prows v. Kastner, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? Souder v. McGuire, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? Startti v. United States, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that he has significant monthly income that exceeds his expenses, the undersigned finds that he could pay the filing costs without

undue financial hardship if given ninety days to pay the filing fee.  Plaintiff will not be rendered destitute by paying the filing fee in ninety days.  Because he will not be barred from the federal courts due to his lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed in forma pauperis be denied.  Plaintiff shall be given ninety days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before March 12, 2012. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by March 12, 2012, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of December, 2011.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE